UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:22-cv-1024
Jane M. Beckering
U.S. District Judge

FILED - KZ
November 3, 2022 10:17 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
mg   Scanned by /  11/3/22

MICHAEL D. CARVER
Plaintiff

CASE NO.

HON:

V

KALAMAZOO CITY GOVERNMENT

MIKE STEIN individually and in his official capacity
RUTH WESTFALL individually and in her officials capacity
CIERRA PATRICK individually and in her officials capacity
COLLETTE GUSHURST individually and in her officials capacity
JENNIFER HIGBY in her officials capacity
BRAIN VELTMAN in his officials capacity
KALAMAZOO SHERIFF DEPARTMENT in his officials capacity

MICHAEL D. CARVER
PRO-PER
500 N. Edwards St.
Kalamazoo Mi. 49007

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Michael Carver, by Pro-Per and for his complaint against Defendant, jointly and severally, states as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damage against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and Laws of the United States.
2. Upon information and belief, Defendant Det. Jennifer Higby and prosecutor Mike Stein is a citizen of the Kalamazoo City and a resident of the Western District of Michigan.

3. Upon information and belief, Defendant Ruth Westfall is a citizen of Kalamazoo City and a resident of the Western District of Michigan.
4. Upon information and belief, Defendant Cierra Patrick is a citizen of Kalamazoo City (at the time of charge) and a resident of the Western District of Michigan.
5. Upon information and belief, Defendant Collette Gushurst is a citizen of Kalamazoo City and a resident of the Western District of Michigan.
6. Upon information and belief, Defendant Jennifer Higby is a citizen of the Western District of Michigan.
7. Upon information and belief, Defendant Brian Veltman is a citizen of Kalamazoo City and a resident of the Western District of Michigan.
8. Upon information and belief, Defendant Kalamazoo Sheriff Deputy Adam is a citizen of the Kalamazoo City and a resident of the Western District of Michigan.
9. At all relevant times Defendant Mike Stein was acting in his capacity as duly appointed deputy. Kalamazoo Prosecutor Office as the led prosecution in Plaintiff case.
10. At all relevant times Defendant Mike Stein duties related to and included enforcing criminal prosecution laws in Kalamazoo City, County.
11. At all relevant times, Defendant Mike Stein was acting as representative for Kalamazoo City under color of law, cloaked with the authority which was granted to him.
12. At all times, Defendant Mike Stein was an employee of Kalamazoo City Prosecutor Office.
13. Upon information and belief at all relevant times, Defendant Jennifer Higby was acting in her capacity as a duly appointed police officer for Kalamazoo City.
14. This cause a action arose in the County of Kalamazoo.
15. Venue is proper in this Court pursuant to U.S.C. 1391.
16. The Court has Jurisdiction of this action under 28 U.S.C. 1983 and under 28 U.S.C. 1343.
17. The Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. 1331.
18. At all times material to this Complaint, these Defendants acted toward Plaintiff under color of the statutes, ordinances, customs and usage of State of Michigan.

## COMMON ALLEGATIONS OF FACT

19. While acting in his various capacities, the Defendant deprived Plaintiff of his liberty without due process of Law and made an unreasonable search and seizure of the person of Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as

guaranteed by the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States.

20. Defendants Higby and Veltman are police officers assigned to this case.
21. On March 1, 2014, while conducting an investigation as a police officer, Defendant Veltman had contact with the victim and family.
22. The police, victim and family claim Plaintiff sexual assaulted the victim.
23. The Defendant Veltman gave a report to Jennifer Higby, a detective.
24. The Defendant Veltman conducted an interview with the Plaintiff on March 2, 2014 and recorded it.
25. The Defendant Higby provided the Police report to the prosecution office.
26. On March 14, 2014 Defendant Higby had an interview with Plaintiff.
27. On March 28, 2014 Defendant Mike Stein charged Plaintiff with criminal sexual conduct first degree under 13 of age.
28. Defendant Jennifer Higby incident report relating to the March 1, 2014 activity described above did not include facts which would support a finding of probable cause that Plaintiff had committed a crime.
29. A reasonable officer with appropriate Fourth Amendment training would have known that Defendant Higby incident report regarding the March 1, 2014 activity did not support a finding of probable cause that Plaintiff had committed a crime.
30. A reasonable officer would have known after reviewing Defendant Higby report regarding the March 1, 2014 activity that facts did not exist which would support a finding of probable cause that Plaintiff had committed a crime.
31. Plaintiff was not involved in the March 1, 2014 criminal sexual conduct as Defendant Higby reported.
32. Defendant Higby submitted warrant request to the Kalamazoo Prosecuting Attorney's Office for Michael Dwayne Carver.+
33. At the time that Defendant Higby obtained the warrant by falsely swearing under oath to a complaint that alleged that Defendant Higby "in her experience" that Plaintiff engage in criminal sexual conduct with the victim.
34. At the time that Defendant Higby swore to the complaint alleging that Plaintiff had committed criminal sexual conduct first degree under age of 13, on March 1, 2014 Defendant knew that due to Dr. Rao report "no penetration" and other factors, he could not positively identify Plaintiff as the person who sexual assaulted the allege victim.

35. With the knowledge that he could not positive identify Plaintiff as the person whom committed sexual crime aginst the victim.
36. Plaintiff resides in the City of Kalamazoo, County of Kalamazoo.
37. On March 28, 2014 Plaintiff was arrested by officer Higby of the Kalamazoo Police Department pursuant to the warrant obtained by Defendant.
38. Plaintiff was lodged in the Kalamazoo County Jail by the Kalamazoo Police Department.
39. Defendants were additionally made aware of Plaintiff factual innocence when, during transport, court proceeding, interviews. Plaintiff protested his innocence and stated that he had never touched his niece.
40. An employee from Kalamazoo City Government Cierra Patrick met with Plaintiff who was incarcerated in Kalamazoo County Jail.
41. On or around about March 5-14, 2014 Cierra contacted Defendant Higby and expressed a belief that Plaintiff committed the crime.
42. On or about April 7, 2014 Defendant had a preliminary exam. Using false testimonies and coerce statements by both witnesses.
43. On June 20 2015 Plaintiff was found guilty and sentenced to 25-50 years in Michigan Department of Correction.
44. On November 7, 2016 Judge Alexander C. Lipsey overturned the Plaintiff conviction. On August 29, 2017 the Court of Appeals vacated Plaintiff conviction. On June 1, 2018 the Michigan Supreme Court denied prosecution appeal.
45. No later than November 7, 2020 the Kalamazoo City Prosecutor determined that the charge against Plaintiff would be dismissed.
46. No later than November 7, 2020 Defendant Higby was aware that the Charge against Plaintiff should be dismissed.
47. No later of November 7, 2020 Defendant Higby was aware he had made a false statement in support of the criminal complaint and warrant.
48. Defendant took no steps between March 28, 2014 and Plaintiff's release on August 12, 2018 to correct the false statements he made in order to obtain an arrest warrant for Plaintiff.
49. On November 7, 2020 prosecuting officials moved for a dismissal of the case against Plaintiff.
50. On November 7, 2020 Circuit Court Alexander C. Lipsey granted the motion and dismissed the case against Plaintiff.

51. Plaintiff served 4 1/2 years in Michigan Department of Correction on the charge related to the allegations made in the criminal complaint which Defendant Higby obtained against Plaintiff.

## COUNT I
## FOURTH AMENDMENT VIOLATION

52  Plaintiff alleges and reallegs the preceding paragraphs with the same force and effect as if fully set forth herein.

53. Plaintiff's Constitutionally protected rights include the right to be free from unreasonable seizure by government agents, including Defendants, as provided for by the Fourth Amendment, made actionable by U.S.C. 1983.

54. Defendant Higby in obtaining the warrant for Plaintiff's arrest, omitted material information intending to mislead the issuing magistrate in finding that probable cause existed in violation of Plaintiff's Fourth Amendment Rights.

55. The false and omitted information referenced above was necessary to the finding of probable cause.

56. Defendant Higby intentionally or with reckless disregard for the truth, caused a warrant to issue by swearing to a complaint containing false statements or providing false oral testimony and omitting material information that would have vitiated probable cause.

57. Defendant could not, in good faith, rely on a judicial determination of probable cause based on his deliberate or reckless disregard for the truth and material omission in violation of Plaintiff's Fourth Amendment Rights.

58. No warrant would have been issued for the arrest of Plaintiff if Defendant had not included information he knew or should have known to be false or if Defendant had not omitted information necessary to the finding of probable cause.

59. Reasonable officers should have known these rights and therefore, Defendant is not cloaked with qualified immunity.

60. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of liberty, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court order Judgment against Defendants, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so

wrongfully sustained by Plaintiff together with interests, costs, and attorney fees under 42 U.S.C. 1988.

## COUNT II
## FOURTH AMENDMENT VIOLATION
## (WARRANT LACKING PROBABLE CAUSE)

61. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

62. Plaintiff's Constitutionally protected rights include the right to be free from unreasonable seizure by government agents, including Defendant, as provided for by the Fourth Amendment, made actionable by 42 U.S.C. 1983.

63. Defendant Brian Veltman lacked probable cause when obtaining the warrant for Plainriff's arrest in violation of the Plaintiff's Fourth Amendment Rights.

64. Defendant could not, in good faith, rely upon the warrant in this case because the warrant application was so lacking in indicia of probable cause as to render official belief in its existence unreasonable.

65. Reasonable Officers should have known those rights, and therefore, Defendant is not cloaked with qualified immunity.

66. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, suffered humiliation, and other damages.

**WHEREFORE,** Plaintiff request this Court enter Judgment against Defendants, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, and attorney fees under 42 U.S.C. 1988.

## COUNT III
## FOURTH AMENDMENT VIOLATION
## (PROSECUTION WITHOUT PROBABLE CAUSE/
## FEDERAL MALICIOUS PROSECUTION)

67. Plaintiff alleges and realleges the proceeding paragraphs with the same force and effect as if fully set forth herein.

68. Defendant Higby intentionally and maliciously instituted criminal charge for Plaintiff without probable cause, by requesting a warrant without probable cause which contained false information and omitted relevant and material information.

69. Defendant higby made, influenced, or participated in the decision to prosecute without probable cause in violation of Plaintiff's Fourth Amendment Rights.

70. The criminal case against Plaintiff was dismissed, resulting in termination of the charge in Plaintiff's favor.

71. Defendant Mike Stein and Jennifer Higby acted with reckless disregard of the Law and the legal rights of Plaintiff in causing a criminal proceeding to begin.

72. Plaintiff was subject to humiliation, fear, arrest and detention against his will, criminal charge, and pain and suffering by the illegal acts of Defendant.

**WHEREFORE,** Plaintiff request this Court enter Judgment against Defendant's, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interests, costs, and attorney fees, under 42 U.S,C, 1988.

## COUNT IV
## FOURTH AMENDMENT VIOLATION
## (DETENTION WITHOUT DUE PROCESS)

73. Plaintiff alleges and realleges the proceeding paragraphs with the same force and effect as if fully set forth herein.

74. From the time of Plaintiff arrest on March 28, 2014 to August 12, 2018, defendant higby and Stein know or should have known that Plaintiff was not the person who engaged in the criminal conduct associated with the warrant.

75. Defendant failed to fully investigate, and exculpatory evidence was available to Defendants at the time of Plaintiff's arrest and during Plaintiff's detention.

76. Defendants acted with something akin to deliberate indifference in failing to ascertain that the Plaintiff was not the person who engaged in the criminal conduct.

77. Defendant pursued the case against Plaintiff despite lacking probable cause.

78. Based upon the incorrect finding of probable cause due to Defendant's false and misleading affidavit, Plaintiff was held in detention for a crime that he did not commit.

79. Defendant's deliberate indifference resulted in a violation of Plaintiff's due process rights under the Fourth Amendment.

80. As a direct and proximate result of Defendant"s actions, Plaintiff suffered a loss of his liberty, suffered humiliation, and other damages.

**WHEREFORE,** Plaintiff requests this Court enter Judgment against Defendants in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. 1988.

## COUNT V
## FOURTEENTH AMENDMENT VIOLATION
## (DETENTION WITHOUT DUE PROCESS)

81. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

82. From March 28, 2014 until Plaintiff's release from Michigan Department of Correction on August 12, 2018, Defendant Higby, Stein knew that Plaintiff was not the person who engaged in the criminal conduct associated with the warrant.

83. Defendant was in possession of exculpatory evidence that Plaintiff was incorrectly identified as the person who conducted the transaction with the confidential victim.

84. Defendant was aware that he had misled the magistrate in issuing the warrant.

85. Defendant acted with something akin to deliberate indifference to Plaintiff's due process rights by failing to take sufficient corrective action after learning Plaintiff was not the person wanted in connection with the crime.

86. Because of Defendant's deliberate indifference, Plaintiff was held in detention for a crime that he did not commit, and which Defendants knew Plaintiff's did not commit.

87. Defendant's deliberate indifference resulted in a violation of Plaintiff's due process rights under the Fourteenth Amendment.

88. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, suffered humiliation, and other damages.

**WHEREFORE,** Plaintiff requests this Court enter Judgment against defendants, in whatever amount is fair, Just, and equitable for the injuries and damages, compensatory and

punitive, so wrongfully sustained by Plaintiff together with interests, costs, and attorney fees under U.S.C. 1988.

## COUNT VI
## SUPERVISORY LIABILITY/FAILURE
## TO TRAIN OR SUPERVISE

89. Plaintiff alleges and realleges the preceding paragraphs, with the same force and effect as if fully set forth herein.

90. Defendant Detective unit, as the agency responsible for the investigation, Defendant Higby as the duly elected Kalamazoo Police Department and detective Board Member have failed to adequately train Defendant Higby regarding the Fourth Amendment of the United States.

91. According to policy. Defendant Higby is responsible for the supervision and training of participating personnel.

92. Defendant Higby as a member of the detective division is responsible for the administration of the policies, procedures, and personnel of the department.

93. The supervisory Defendant has been deliberately indifferent to the need to adequately train Defendant Higby.

94. The failure by supervisory defendants can fairly be said to represent a policy for which they are liable for the resulting harm to Plaintiff.

95. Supervisory Defendants know or in the exercise of reasonable diligence should have known that the conduct of the Defendant Higby was likely to occur in the absence of proper training.

96. The supervisory Defendant failed to take any effective preventative or remedial measures to guard against the conduct of Defendant Higby more fully set forth herein.

97. Had the supervisory Defendant taken such measures Plaintiff would not have suffered the deprivation of his rights fully set forth herein. The failure of the supervisory Defendants amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiff.

98. Supervisory Defendants either knew or should have known of the policy of their employees to engage in seeking and obtaining warrant with deliberate or reckless disregard for the truth and without probable cause.

99. Supervisory Defendants failed to train, instruct, and supervise the Defendant officers, and said failure caused Plaintiff damages.

100. Supervisory Defendants either knew or should have known that the other Defendants were likely to engage in conspiratorial wrongs against Plaintiff and supervisory Defendant had the power to prevent or to aid in preventing the commission of those wrongs but neglected to do so. These wrongful acts were described in Count I,II, III, IV, V, VI, and VII and these wrongful acts could have been prevented by the exercise of reasonable diligence by supervisory Defendants.

101. As a direct and proximate result of the afore described unlawful and malicious acts of supervisory Defendants, Plaintiff was deprived of his right to be secure in his home and person, against unlawful and unreasonable seizure of his person, to equal protection of the Laws, and to Due Process of Law, in violation of the Fourth and Fourteenth Amendment of theConstitution of the United States and 42 U.S.C. 1983.

102. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of liberty, suffered humiliation, and other damages.

**WHEREFORE** Plaintiff, Plaintiff request this Court enter Judgment against Defendants jointly and severally in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. 1983.

## COUNT VII
## FOURTEENTH AMENDMENT VIOLATION
## (DETENTION WITHOUT DUE PROCESS)

103. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

104. Defendant Mike Stein as the agency responsible for the investigation, Defendants Patrick, Gushurst, and Westfall, as the duly elected have failed to adequately train Defendants regarding the Fourth and Fourteenth Amendment of the United States.

105. The supervisory Defendants have been deliberately indifferent to the need to adequately train Defendants Patrick, Gushurst, and Westfall.

106. The failure by supervisory Defendants can fairly be said to represent a policy for which they are liable for the resulting harm to Plaintiff.

107. Supervisory Defendant knew or in the exercise of reasonable diligence should have known that the conduct of the Defendants was likely to occur in the absence of proper training.

108. Supervisory Defendants either knew or should have known of the policy of their employees to engage in seeking and obtaining warrant with deliberate or reckless disregard for the truth and without probable cause.

109. As a direct and proximate result of the aforedescribed unlawful and malicious acts of supervisory Defendants, Plaintiff was deprived of his right to be secure in his home and person, against unlawful and unreasonable seizure of his person to equal protection of the laws, and to Due Process of Law, in violation of the fourth and Fourteenth Amendments of the Constitution of the United States.

110. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss liberty, suffered humiliation, and other damages.

**WHEREFORE,** Plaintiff requests this Court enter Judgment against Defendants, jointly and severally in amount of 100,000,000.00 for the injuries and damages, compensatory, and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. 1988.

### JURY DEMAND

Plaintiff requests a jury for all issues so triable in this case.

Dated November 3, 2022

Respectfully submitted,

*Michael Carver*
Michael D. Carver Pro-PER
500 N. Edwards St.
Kalamazoo Mi. 49007
mc11201963@gmail.com
269-615-0548